# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# DETROIT DIVISION

IN RE:                                                          CASE NO.:
                                                                CHAPTER 13
    **Ronald Harold Salkeld, Jr**                  JUDGE:
    S.S. # **xxx-xx-7998**
    **Debtor**

and

    S.S. # _____
    **Joint-Debtor**

    Debtor(s)
_____/

|  |
|---|
| **PLAN SUMMARY** |
| *For informational purposes only.* |
| ACP: **60** Months |
| Minimum Plan Length: **60** Months |
| Plan payment: **$553.20** per Month |
| Minimum dividend to Class 9 Creditors **$0.00** |
| Percentage of Tax Refunds committed **100%** |

## CHAPTER 13 PLAN

☑ Original   **OR**   ☐ Pre-Confirmation Modification # _____   ☐ Post-Confirmation Modification # _____

| **NOTICE TO CREDITORS:** |
|---|
| **YOUR RIGHTS MAY BE AFFECTED. THIS PLAN MAY BE CONFIRMED AND BECOME BINDING WITHOUT FURTHER NOTICE OR HEARING UNLESS A TIMELY WRITTEN OBJECTION IS FILED.** |
| **READ THIS DOCUMENT CAREFULLY AND SEEK THE ADVICE OF AN ATTORNEY.** |

I. **STANDARD MODEL PLAN; INCORPORATION OF ADDITIONAL TERMS, CONDITIONS AND PROVISIONS; ALTERATIONS NOTED:**

   A. **THIS PLAN IS SUBJECT TO AND INCORPORATES BY REFERENCE THE ADDITIONAL TERMS, CONDITIONS AND PROVISIONS WHICH MAY BE FOUND AT WWW.13EDM.COM OR WWW.MIEB.USCOURTS.GOV.**

     **INTERESTED PARTIES MAY ALSO OBTAIN A WRITTEN COPY OF THE ADDITIONAL TERMS, CONDITIONS AND PROVISIONS APPLICABLE TO CHAPTER 13 PLANS FROM DEBTOR'S COUNSEL UPON WRITTEN REQUEST.**

   B. This Plan conforms in all respects to the Standing Chapter 13 Trustee Model Plan which is referenced in Administrative Order 12-05 issued by the U.S. Bankruptcy Court for the Eastern District of Michigan. Those sections of this Plan that vary from the Model Plan are listed in this paragraph (any alterations not stated in this section are VOID):

     **V.D. The second sentence of provision V.D in the debtors Chapter 13 plan is stricken.**

     **V.F. Changes are made to levels 2, 3 & 4 as provided below:**
     **Level 2: Classes 2.1, 2.2, and 2.3**
     **Level 3: Classes 5.1 and 6.1**
     **Level 4: 2.4**

     **V. H. The first paragraph is changed to the paragraph provided below:**
     **Creditors identified in Class 5.1 or 6.1 will receive Equal Monthly Payments to the extent funds are available at the date of each disbursement. If more than one creditor is scheduled in Class 5.1 and 6.1 and the funds available in any disbursement are insufficient to pay the full Equal Monthly Payments to all of the listed creditors, payments shall be made on a pro rata basis determined by the ratio of the Equal Monthly Payment specified to each creditor to the total amount of Equal Monthly Payments to all creditors in Class 5.1 and Class 6.1. The amount of the Equal Monthly Payment to any creditor shall be the amount stated in Class 5.1 or Class 6.1 as may be applicable.**

| Chapter 13 Plan | Case No: |
|---|---|
| | Debtor(s): **Ronald Harold Salkeld, Jr** |

## II. APPLICABLE COMMITMENT PERIOD; PLAN PAYMENTS; PLAN LENGTH; EFFECTIVE DATE AND ELIGIBILITY FOR DISCHARGE:

A. ☑ Debtor's Current Monthly Income exceeds the applicable State median income. Debtor's Applicable Commitment Period is 60 months. Debtor's Plan Length shall be 60 months from the date of entry of the Order Confirming Plan.

☐ Debtor's Current Monthly Income is less than or equal to the applicable State median income. Debtor's Applicable Commitment Period is 36 months. Debtor's Plan Length shall be _____ months from the date of entry of the Order Confirming Plan. THIS IS A MINIMUM PLAN LENGTH. If the Plan has not been completed in the minimum Plan length, the Plan length shall be extended as necessary for completion of the requirements of the Plan; provided that in no event with the Plan term continue beyond 60 months from the date of entry of the Order Confirming Plan. *See Paragraph J of the Additional Terms, Conditions and Provisions for additional information regarding Completion of Plan.*

If neither or both of the above boxes is checked, the Applicable Commitment Period and the Plan Length shall be 60 months from the date of entry of the Order Confirming Plan.

B. Debtor's plan payment amount is **$553.20** per month.

C. Future Tax Refunds. *See Paragraph A of the Additional Terms, Conditions and Provisions for additional information regarding Tax Refunds and Tax Returns.*

---

**FOR CASES ASSIGNED TO BAY CITY DIVISION:** *Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:*

1. ☐ Debtor's Plan proposes a 100% dividend to unsecured creditors. Therefore, Debtor is not required to remit any future tax refunds.

2. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I DOES NOT include a pro-ration for anticipated tax refunds. Debtor will remit 50% of all Federal and State Tax Refunds that Debtor receives or is entitled to receive after commencement of the case.

3. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I INCLUDES a pro-ration for anticipated Federal Tax Refunds. Debtor will remit 100% of all Federal and State Tax Refunds that Debtor receives or is entitled to receive after commencement of the case to the extent the refund exceeds the sum of twelve times the amount of the Federal and State Tax Refund pro-ration shown in Schedule I.

---

**FOR CASES ASSIGNED TO DETROIT DIVISION:** *Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:*

1. ☐ Debtor's Plan proposes a 100% dividend to unsecured creditors. Therefore, Debtor is not required to remit any future tax refunds.

2. ☑ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I DOES NOT include a pro-ration for anticipated tax refunds. Debtor will remit 100% of all Federal Tax Refunds that Debtor receives or is entitled to receive after commencement of the case.

3. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I INCLUDES a pro-ration for anticipated Federal Tax Refunds. Debtor will remit 100% of all Federal Tax Refunds that Debtor receives or is entitled to receive after commencement of the case to the extent the refund exceeds the sum of twelve times the amount of the Federal Tax Refund pro-ration shown in Schedule I.

---

> **FOR CASES ASSIGNED TO FLINT DIVISION:** *Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:*
>
> 1. ☐ Debtor's Plan proposes a 100% dividend to unsecured creditors. Therefore, Debtor is not required to remit any future tax refunds.
>
> 2. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I DOES NOT include a pro-ration for anticipated tax refunds. Debtor will remit 100% of all Federal Tax Refunds that Debtor receives or is entitled to receive after commencement of the case.
>
> 3. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I INCLUDES a pro-ration for anticipated Federal Tax Refunds. Debtor is not required to remit Federal Tax Refunds in excess of the amount of the proration shown on Schedule I.

D. ☐ if the box to the immediate left is "checked", the debtor acknowledges that debtor IS NOT eligible for a discharge pursuant to 11 USC §1328.

☐ if the box to the immediate left is "checked", the joint debtor acknowledges that joint debtor IS NOT eligible for a discharge pursuant to 11 USC §1328.

E. ☐ if the box to the immediate left is "checked", the debtor or joint debtor is self-employed AND incurs trade credit in the production of income from such employment. Debtor shall comply with the requirements of Title 11, United States Code, and all applicable Local Bankruptcy Rules regarding operation of the business and duties imposed upon the debtor.

III. **DESIGNATION AND TREATMENT OF CLASSES OF CLAIMS:** *See Paragraph F of the Additional Terms, Conditions and Provisions for additional information regarding the order in which claims are to be paid.*

   A. **CLASS ONE - TRUSTEE FEES** as determined by statute.

   B. **CLASS TWO - ADMINISTRATIVE CLAIMS, INCLUDING ATTORNEYS FEES AND COSTS:**

   1. **PRE-CONFIRMATION ATTORNEY FEES:** At confirmation of the Plan, Counsel shall elect to either:

       a. In lieu of filing a separate fee application pursuant to 11 USC §327 and §330, accept the sum of **$3,500.00** for services rendered plus **$0.00** for costs advanced by Counsel, for total Attorney Fees and Costs of **$3,500.00** through the Effective Date of the Plan. The total Attorney Fees and Costs less the sum of **$0.00** paid to Counsel prior to the commencement of this cases as reflected in the Rule 2016(b) Statement leaving a net balance due of **$3,500.00**, will be paid as an Administrative Expense Claim; OR

       b. Request an award of compensation for services rendered and recovery of costs advanced by filing a separate Application for Compensation for services rendered up through the date of entry of the Order Confirming Plan pursuant to 11 USC §327 and §330. If Counsel elects to file a fee application pursuant to this sub-paragraph, the Trustee shall escrow _____ for this purpose. *See Paragraph B of the Additional Terms, Conditions and Provisions for additional information.*

   2. **POST-CONFIRMATION ATTORNEY FEES:** *See Paragraph D of the Additional Terms, Conditions and Provisions for additional information.*

   3. **RETENTION OF OTHER PROFESSIONALS FOR POST-PETITION SERVICES:** Debtor ☐ has retained or ☐ intends to retain the services of _____ (name of person to be retained) as _____ (capacity or purpose for retention) to perform professional services post-petition with fees and expenses of the professional to be paid as an Administrative Expense. *See Paragraph C of the Additional Terms, Conditions and Provisions for additional information.*

4. **OTHER ADMINISTRATIVE EXPENSE CLAIMS:** Any administrative expense claims approved by Order of Court pursuant to 11 USC §503 shall be paid as a Class Two administrative claim. *See Paragraph E of the Additional Terms, Conditions and Provisions for additional information.*

C. **CLASS THREE - SECURED CLAIMS TO BE STRIPPED FROM THE COLLATERAL AND TREATED AS UNSECURED CLAIMS TO BE PAID BY TRUSTEE.** If the Debtor and the Lienholder agree to the lien strip, the Debtor and Lienholder shall file a Stipulation in the bankruptcy case and submit a proposed Order accomplishing the lien strip. If the Debtor does not have the agreement of the Lienholder, then Debtor shall timely file an Adversary Proceeding as required by the Adminstrative Orders, Guidelines and Procedures promulgated by the Bankruptcy Court for the Eastern District of Michigan. *See Paragraph G and Paragraph N of the Additional Terms, Conditions and Provisions for additional information.*

| Creditor | Collateral |
| --- | --- |

D. **CLASS FOUR - SECURED CLAIMS ON WHICH THE LAST CONTRACTUAL PAYMENT IS DUE BEYOND THE LENGTH OF THE PLAN. 11 USC §1322(b)(5).**

1. **Continuing Payments that come due on or after the date of the Order for Relief** *(See Paragraph P, Paragraph L and Paragraph EE of the Additional Terms, Conditions and Provisions for additional information)*:

| Creditor / Collateral | Monthly Payment | Direct, Via Trustee or Surrendered |
| --- | --- | --- |

2. **Pre-Petition Arrearages to be paid by Trustee:** Those amounts which were due as of the filing of the Order for Relief:

| Creditor / Collateral | Arrears Amount | Estimated Average Monthly Payment | Months to Cure From Confirmation Date |
| --- | --- | --- | --- |

E. **CLASS FIVE - SECURED CLAIMS ON WHICH THE LAST PAYMENT WILL BECOME DUE WITHIN THE PLAN DURATION. 11 USC §1322(c)(2).** *(See Paragraph H, Paragraph L and Paragraph O of the Additional Terms, Conditions and Provisions for additional information)*:

1. **Creditors to be paid Equal Monthly Payments, 11 USC §1325(a)(5)(B):**

| Creditor/Collateral | Indicate if modified or surrendered | Market value of collateral | Interest rate (Present Value Rate) | Total to be paid including interest | Monthly Payment / Direct or Via Trustee |
| --- | --- | --- | --- | --- | --- |

2. **Creditors not to be paid Equal Monthly Payments, 11 USC §1325(a)(5)(A):**

| Creditor/Collateral | Indicate if "crammed", modified or surrendered | Market value of collateral | Interest rate (Present Value Rate) | Total to be paid including interest | Estimated Average Monthly Payment / Direct or Via Trustee |
| --- | --- | --- | --- | --- | --- |
| **Credit Union One** <br> 2012 Mazda 6 | Surrendered | $5,671.00 | | | |
| **USAA Federal Savings Bank** <br> 2009 Buick Enclave | Modified | $12,675.00 | 5.00% | $14,436.98 | $262.49 <br> Via Trustee |

| | Chapter 13 Plan | Case No: |
|---|---|---|
| | | Debtor(s): **Ronald Harold Salkeld, Jr** |

F. **CLASS SIX - EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES. 11 USC §§365, 1322(b)(7):** - Debtor assumes the executory contracts and unexpired leases listed in subparagraph 1. *(See Paragraph K of the Additional Terms, Conditions and Provisions for additional information):*

1. Continuing Lease/Contract Payments:

| Creditor / Property | Monthly Payment | Lease/Contract expiration date | Direct or Via Trustee |
|---|---|---|---|
| **Westland Estates Apartments**<br>**Residential Lease for 35200 Westland Estates Dr. Apt. 210 Westland, MI** | **$595.00** | | **Direct** |

2. Pre-petition Arrearages on Assumed Executory Contracts and Leases *(to be paid by Trustee)*:

| Creditor / Property | Arrears Amount | Estimated Average Monthly Payment | Months to Cure From Confirmation Date |
|---|---|---|---|

3. Debtor rejects the executory contracts and unexpired leases listed in this subparagraph 3. Any unexpired lease or executory contract that is neither expressly assumed in Class 6.1 above or expressly rejected below shall be deemed rejected as of the date of confirmation of debtor's chapter 13 plan to the same extent as if that unexpired lease or executory contract was listed below. *(See Paragraph K of the Additional Terms, Conditions and Provisions for additional information):*

| Creditor | Property |
|---|---|

G. **CLASS SEVEN - PRIORITY UNSECURED CLAIMS. 11 USC §§507, 1322(a)(2).**

1. Domestic Support Obligations: Continuing Payments that come due on and after the date of the Order for Relief:

| Creditor | Monthly Payment | Direct or Via Trustee |
|---|---|---|
| **Diana Salkeld** | **$1,000.00** | **Direct** |

2. Domestic Support Obligations: Pre-Petition Arrearages due as of the filing of the Order for Relief:

| Creditor | Arrears Amount | Estimated Average Monthly Payment | Direct or Via Trustee |
|---|---|---|---|

3. All Other Priority Unsecured Claims [11 U.S.C. §1322(a)(2)]

| Creditor | Amount | Direct or Via Trustee |
|---|---|---|
| **INTERNAL REVENUE SERVICE** | **$9,982.18** | **Via Trustee** |

H. **CLASS EIGHT - SEPARATELY CLASSIFIED UNSECURED CLAIMS. 11 USC §1322(b)(1):** *(To be paid by Trustee):*
*(See Paragraph M of the Additional Terms, Conditions and Provisions for additional information):*

| Creditor / Reason for Special Treatment | Amount | Interest Rate |
|---|---|---|

| Chapter 13 Plan | Case No: |
|---|---|
| | Debtor(s): **Ronald Harold Salkeld, Jr** |

I. **CLASS NINE - GENERAL UNSECURED CLAIMS** *(to be paid by Trustee): - See Paragraph N of the Additional Terms, Conditions and Provisions for additional information.*

☑ This Plan shall provide a total sum for distribution to creditors holding Class 9 General Unsecured claims in an amount that is not less than the Amount Available in Chapter 7 shown on Attachment 1, Liquidation Analysis and Statement of Value of Encumbered Property (the "Unsecured Base Amount"). This Plan shall provide either (i) the Unsecured Base Amount; or (ii) will continue for the full Plan Length as indicated in Paragraph II.A of this Plan, which ever yields the greater payment to Class 9 Unsecured Creditors. *See Attachment 2, Chapter 13 Model Worksheet, Line 8, for additional information concerning funds estimated to be available for payment to Class 9 Unsecured Creditors.*

☐ This Plan shall provide a dividend to holders of Class 9 General Unsecured Creditors equal to 100% of allowed claims.

If neither box is checked or if both boxes are checked, then the plan shall pay the Unsecured Base Amount.

IV. **OTHER PROVISIONS:**

A. ☐ if the box to the immediate left is "checked", creditors holding claims in Class Seven, Eight and Nine shall receive interest on their allowed claims at the rate of _____% per annum as required by 11 USC §1325(a)(4).

B. *Insert as necessary.*

| /s/ Peter A. Behrmann | /s/ Ronald Harold Salkeld, Jr |
|---|---|
| **Peter A. Behrmann** | **Ronald Harold Salkeld, Jr** |
| *Attorney for Debtor* | *Debtor* |
| **Phoenix Law** | |
| **37699 Six Mile** | |
| **Suite 250** | |
| **Livonia, MI 48152** | |
| **Email: PeterB@PhoenixFreshStart.com** | |
| **Phone: (734) 779-9999 / Fax: (734) 462-5900** | |
| | **9/13/2017** |
| | Date |

## ATTACHMENT 1

### LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY:

| Type of Property | Fair Market Value | Liens | Debtor's Share of Equity | Exempt Amount | Non-Exempt Amount |
|---|---|---|---|---|---|
| **Personal Residence** | | | | | |
| **Real Estate Other Than Personal Residence** | | | | | |
| **HHG/Personal Effects** | | | | | |
| Common Household Goods & Furnis | $2,500.00 | $0.00 | $2,500.00 | $2,500.00 | $0.00 |
| Television(s), Computer(s) & Printer( | $800.00 | $0.00 | $800.00 | $800.00 | $0.00 |
| Clothing, Accessories, & Shoes | $400.00 | $0.00 | $400.00 | $400.00 | $0.00 |
| **Jewelry** | | | | | |
| Real & Costume Jewelry (Watches) | $150.00 | $0.00 | $150.00 | $150.00 | $0.00 |
| **Cash/Bank Accounts** | | | | | |
| Cash on hand | $525.00 | $0.00 | $525.00 | $525.00 | $0.00 |
| Bank of America Checking Account ( | $1.90 | $0.00 | $1.90 | $1.90 | $0.00 |
| USAA Federal Savings Bank Checkin | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| USAA Federal Savings Bank Savings | $0.17 | $0.00 | $0.17 | $0.17 | $0.00 |
| Pension Plan from Military/Departme | $1.00 | $0.00 | $1.00 | $1.00 | $0.00 |
| 403(b) | $5,620.45 | $0.00 | $5,620.45 | $5,620.45 | $0.00 |
| **Vehicles** | | | | | |
| 2009 Buick Enclave (approx. 99400 m | $12,675.00 | $12,855.00 | $0.00 | $0.00 | $0.00 |
| 2012 Mazda 6  Vehicle is joint with no | $5,671.00 | $5,671.00 | $0.00 | $0.00 | $0.00 |
| **Other (itemize)** | | | | | |
| Westland Estates Apartments | $800.00 | $0.00 | $800.00 | $800.00 | $0.00 |
| Term Life Insurance Policy through F | $1.00 | $0.00 | $1.00 | $1.00 | $0.00 |

|   |   |
|---|---|
| Amount available upon liquidation | **$0.00** |
| Less administrative expenses and costs | **$0.00** |
| Less priority claims | **$9,982.18** |
| Amount Available in Chapter 7 | **$0.00** |

**Chapter 13 Plan**  Case No:
Debtor(s): **Ronald Harold Salkeld, Jr**

## ATTACHMENT 2

## CHAPTER 13 MODEL WORKSHEET
## LOCAL BANKRUPTCY RULE 3015-1(B)(2) E.D.M.

1. Proposed length of Plan: __**60**__ months

2. Initial Plan Payment:
   __**$553.20**__ per month x __**60**__ months = __**$33,192.00**__ (subtotal)

3. Additional Payments: _____ per _____ = __**$0.00**__ (subtotal)

4. Lump Sum Payments = __**$0.00**__ (subtotal)

5. Total to be paid into Plan (total of lines 2 through 4) __**$33,192.00**__

6. Estimated Disbursements other than to Class 9 General Unsecured Creditors

   a. Estimated Trustee Fees __**$2,655.60**__

   b. Estimated Attorney Fees and costs
      through confirmation of plan __**$3,500.00**__

   c. Estimated Attorney Fees and costs
      Post-confirmation through duration of Plan __**$0.00**__

   d. Estimated Fees of Other Professionals __**$0.00**__

   e. Total mortgage and other
      continuing secured debt payments __**$0.00**__

   f. Total non-continuing secured
      debt payments (including interest) __**$14,436.98**__

   g. Total Priority Claims __**$9,982.18**__

   h. Total arrearage claims __**$0.00**__

7. Total Disbursements other than to Class 9 General Unsecured Creditors
   (Total of lines 6.a through 6.h) __**$30,574.76**__

8. Funds estimated to be available to Class 9 General Unsecured Creditors
   (Line 5 minus Line 7) __**$2,617.24**__

9. Estimated dividend to Class 9 General Unsecured Creditors
   in Chapter 7 proceeding (see liquidation analysis on Page 7) __**$0.00**__

COMMENTS:

Chapter 13 Model Plan - version 3.0

17-52887-mlo    Doc 11    Filed 09/18/17    - 8 -    Entered 09/18/17 10:32:18    Page 8 of 8